No. 96-035

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

AIREFCO, Inc.,

    Plaintiff and Appellant,

v.

LINZEE BROCKMEYER,

    Defendant, Respondent
    and Cross-Appellant.

FILED

AUG 15 1996

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Twentieth Judicial District,
                In and for the County of Lake,
                The Honorable C.B. McNeil, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

        Michael Sol, Sol & Wolfe Law Firm, Missoula, Montana

        For Respondent:

        Wilmer E. Windham, Polson, Montana

Submitted on Briefs:  May 9, 1996

Decided:  August 15, 1996

Filed:

Clerk

Justice James C. Nelson delivered the Opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to State Reporter Publishing Company and West Publishing Company.

Airefco, Inc. (Airefco) appeals the October 20, 1995 findings of fact, conclusions of law and judgment of the Twentieth Judicial District Court, Lake County and from the court's November 20, 1995 order denying Airefco's motion to alter or amend. Linzee Brockmeyer (Brockmeyer) cross appeals from the same October 20, 1995 findings of fact, conclusions of law and judgment. We affirm.

## ISSUES

Airefco raises the following issues on appeal.

1. Did the District Court err in not awarding Airefco unpaid rent?

2. Did the District Court err in not awarding Airefco attorney fees?

3. Did the District Court err in not awarding Airefco statutory treble damages?

Brockmeyer raises the following issues by way of cross-appeal:

1. Did the District Court err in awarding damages to Airefco?

2. Did the District Court err in awarding liquidated damages?

3. Did the District Court err in its computation of the damages?

## BACKGROUND

2

BACKGROUND

On or about February 1, 1986, Airefco and Brockmeyer entered a lease agreement for a commercial property in Lake County, Montana. Brockmeyer entered the lease knowing that Airefco was looking for a buyer for the commercial property. On March 23, 1995, Airefco, through its attorneys, issued a default notice to Brockmeyer for failure to pay rent and issued a 30-day notice of termination of the lease agreement.

On April 17, 1995, Airefco filed a complaint in district court seeking possession of the premises, damages for unpaid rent, and attorney fees. Brockmeyer failed to answer the complaint and the clerk of court entered Brockmeyer's default. On May 31, 1995, Airefco moved for a default judgment. Brockmeyer's attorney requested the parties enter into a stipulation.

Airefco and Brockmeyer subsequently entered into a stipulation, which the District Court approved by order on July 10, 1995. The stipulation provided in part that if Brockmeyer did not move out of the premises by July 7, 1995, she would owe Airefco $3,000 in liquidated damages. Brockmeyer removed her personal property from the premises by July 14, 1995. On September 1, 1995, Airefco moved the District Court for judgment requesting the damages specified in the stipulation. Following a hearing, the District Court entered findings of fact, conclusions of law and judgment, finding that the stipulation terminated the lease and that pursuant to the stipulation, Brockmeyer owed Airefco $3,000 in liquidated damages for holding over July 7, 1995, treble rent for

the 7 hold over days, and $430 for damages to the property. Moreover, the District Court did not award either party attorney fees.

Airefco moved to alter or amend the findings of fact, conclusions of law and judgment. On November 20, 1995, the District Court denied Airefco's motion. Both parties appeal the October 20, 1995 findings of fact, conclusions of law and judgment entered by the District Court.

## DISCUSSION

The basis of both parties' appeals rests on the District Court's findings of fact, conclusions of law and judgment. We review a district court's findings of fact to determine whether they are clearly erroneous. Daines v. Knight (1995), 269 Mont. 320, 324, 888 P.2d 904, 906. We review a district court's conclusions of law to determine whether the court's interpretation of the law is correct. Carbon County v. Union Reserve Coal Co., Inc. (1995), 271 Mont. 459, 469, 898 P.2d 680, 686. Thus, we have held that "this Court indulges the presumption that the judgment of the district court is correct and will be upheld unless clearly shown to be erroneous, the burden of showing which rests upon the appellant." Kamp v. First National Bank and Trust Co. (1973), 161 Mont. 103, 106, 504 P.2d 987, 989. Similarly, in Walsh v. Ellingson Agency (1980), 188 Mont. 367, 373, 613 P.2d 1381, 1384, we stated that the appellant has the burden of showing that the district court erred and that this Court will not reverse the district court absent the demonstration of such error.

4

Having read the briefs and examined the record in this case, we conclude simply, and without trying to analyze and discuss the various confusing arguments raised in the briefs, that neither the appellant nor the cross-appellant has met its burden to demonstrate in any clear or convincing fashion in what respect the trial court erred. In so doing, we reiterate what should be obvious. If the appealing party is unable to first weave the fabric of reversible error, we will not engage in the task of stitching a silk purse.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices

5

August 15, 1996

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Michael Sol
Sol & Wolfe Law Firm
101 East Broadway #300
Missoula, MT   59802

WILMER E. WINDHAM
Attorney at Law
894 North Finley Point Road
Polson, MT   59860

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: *D. Gallagher*
Deputy